### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60544-CIV-ROSENBAUM
(Consent Case)

NICHOLAS LICAUSI,

     Plaintiff,

v.

SYMANTEC CORPORATION,

     Defendant.

_____/

### <u>ORDER</u>

     This matter is before the Court upon Defendant Symantec Corporation's Bill of Costs [D.E. 47]. The Court has reviewed the Bill of Costs, Plaintiff's Opposition [D.E. 50], Defendant's Reply [D.E. 51], and the case file.[1] The Court has also reviewed Symantec's recently filed Response to Court Order Directing Defendant Symantec to Provide Additional Information. [D.E. 57]. Based on my review, I find that Plaintiff's Motion for Bill of Costs should be granted in part and denied in part as set forth herein.

### *I. BACKGROUND*

     The underlying lawsuit involves claims asserted by Plaintiff Nicholas Licausi ("Plaintiff" or "Licausi") that his former employer, Symantec Corporation ("Defendant" or "Symantec"), violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, *et seq.* ("ADEA"). Licausi

---

[1] Although Plaintiff filed a Bill of Costs, the filing is identified in the Court's docket as a "Motion for Bill of Costs." Accordingly, the Court will refer to the entry as a "motion" even though Plaintiff did not specify it as such.

1

asserted that he was sixty-five years old and employed as a senior director when, on November 16, 2007, he was "laid off and told his position had been eliminated as a result of a reduction in force." D.E. 1 at 3.  Licausi claimed that age was a motivating or contributing factor in his termination. More specifically, Licausi contended that Symantec improperly selected Brian Quinn ("Quinn"), a younger Symantec employee (43 years of age at the time of selection), for the then-vacant position of central region director.  Although Licausi's termination occurred during a reduction in force, Licausi framed his ADEA claim as a "failure to hire," basing the claim on his contention that his qualifications were so clearly superior to those of Quinn that the only reason Symantec could have selected Quinn was because of his substantially younger age than Licausi's.  Symantec disagreed and asserted that it was not motivated by any discriminatory animus.

During the course of litigation, Symantec filed a Motion for Summary Judgment [D.E. 14] which the Court ultimately granted. [D.E. 45].  After succeeding on its Motion for Summary Judgment, Symantec filed its Bill of Costs.  That "motion" is now before the Court for consideration.

As the prevailing party in this case, Symantec requests reimbursement of costs in the amount of $2,737.10.  This total is comprised of the following: $45.00 in service fees, $2,445.80 in court reporter fees, and $246.30 in exemplification charges.  In Plaintiff's Opposition to Symantec's Bill of Costs, Plaintiff objects to the costs sought as a whole because he alleges that defense counsel failed to confer with opposing counsel prior to filing the motion for costs.  Additionally, Plaintiff objects to certain costs on the grounds that the charges are not described with sufficient specificity to determine whether the costs are recoverable.

## II. ANALYSIS

### A.      Standard for Taxation of Costs

A prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54(d)(1).[2]  Congress has delineated which costs are recoverable under Rule 54(d), Fed. R. Civ. P.  *See* 28 U.S.C. § 1920; *see also Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).  The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920.  *Crawford Fitting Co.*, 482 U.S. at 440-44.  The Court, however, may not tax as costs any items not authorized by statute. *Id.*; *see also United States EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) ("EEOC")*; Morrison v. Reichhold Chemicals, Inc.* 97 F.3d 460, 464-65 (11th Cir. 1996); *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989), *aff'd*, 914 F.2d 267 (11th Cir. 1990).[3]  When

---

[2]     Rule 54(d)(1) provides that "except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

[3]     Under 28 U.S.C. § 1920, the Court may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under 28 U.S.C. § 1923;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

challenging whether costs are taxable, the losing party bears the burden to demonstrate that a cost is not taxable, unless the knowledge regarding the proposed cost lies within the exclusive knowledge of the prevailing party.  *See  Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005);  *Desisto College, Inc. v. Town of Howey-in-the-hills*, 718 F. Supp. 906, 910 n.1 (M.D. Fla. 1989), *aff'd,* 914 F.2d 267 (11th Cir. 1990).

        In this case, Symantec is the prevailing party. Consequently, it is presumptively entitled to an award of costs.

**A.**      **Alleged Failure to Confer Prior to Filing Bill of Costs**

        As noted above, Plaintiff objects to the costs sought by Symantec as a whole because he alleges that defense counsel failed to confer with his counsel prior to filing the motion for costs. Plaintiff cites to Local Rule 7.3.A, S.D. Fla., emphasizing that opposing counsel had a duty to certify that she conferred with counsel for Plaintiff prior to filing a motion for costs.  Symantec disagrees and clarifies that it did not file a "motion" as set forth in Local Rule 7.3.A, and, thus, it was not subject to the rule's requirements, including the duty to confer.  Rather, Symantec clarifies that it filed a Bill of Costs pursuant to Local Rule 7.3.C.  Consequently, Symantec reasons, Symantec was not required to confer with counsel prior to filing the document.  Additionally, Symantec states that despite not being obligated to confer with opposing counsel, its counsel did, in fact, call the office of counsel for Plaintiff.  According to Symantec, however,  Plaintiff's counsel was out of the office. Counsel for Symantec then left a message with an associate in the office, but the associate apparently did not return the telephone call.

        The Court notes that the Comments to Local Rule 7.3, particularly the 2006 amendments to the rule, were "designed to distinguish between a bill of costs, which is authorized by Title 28,

4

United States Code, Section 1920, and a motion for costs, which arises in circumstances other than those listed in Title 28, United States Code, Section 1920." The Court agrees that Symantec filed a Bill of Costs enumerating costs allowable pursuant to 28 U.S.C. § 1920 and, thus, it was not required to confer with opposing counsel prior to filing as required for a Rule 7.3.A motion for costs. Such a conference would have been necessary if Symantec had filed a motion for costs arising under circumstances other than those listed at 28 U.S.C. § 1920, but that is not the case here. Notwithstanding this fact, counsel for Symantec contends that she did, in fact, contact opposing counsel prior to filing her Bill of Costs. Symantec's counsel certifies that neither counsel for Plaintiff nor his associate were in the office when she called, and although she left a message for the associate, he did not return her call.

Under these circumstances, the Court finds that Symantec did not have a duty to confer with opposing counsel prior to filing its Bill of Costs, but attempted to do so anyway. Accordingly, the Court finds that Symantec is in compliance with the Local Rules and the Court will not deny Symantec's "motion" for costs on procedural grounds.

**B.** **Specific Costs Sought**

In the pending motion, Symantec seeks $2,737.10 in taxable costs. Although Plaintiff does not dispute that Symantec is entitled to an award of costs generally, he disputes certain entries listed as taxable costs. Plaintiff contends that Symantec failed to describe some of the costs with sufficient specificity to enable Plaintiff to determine whether the costs are recoverable. The Court sets forth by category each of the items sought in Symantec's Motion to Tax Costs.

**1.** **Fees for Service of Summons and Subpoenas**

Plaintiff does not object to the $45.00 sought by Symantec for costs relating to service of a

5

subpoena.  The Court notes that "private process server fees may be taxed pursuant to §§ 1920(1) and 1921." *EEOC*, 213 F.3d at 624; *see, e.g., Lovett v. KLLM, Inc.*, 2007 WL 983192, * 7 (N.D. Ga. March 26, 2007).  Fees, however, should not exceed the statutory fees authorized in § 1921.  *Id.* (citing *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996)).  The statutory limit set forth in 28 C.F.R. § 0.114 provides that fees charged by the United States Marshal Service for personal service of process shall be $45.00 per hour (or portion thereof).  Private process server fees for service of subpoenas are similarly recoverable. *See Dominguez v. Metro. Miami-Dade County*, 2005 WL 5671499, *3 (S.D. Fla. April 15, 2005) (holding costs of service of subpoenas recoverable); *For Play Ltd. v. Bow to Stern Maint., Inc.*, 2006 WL 3662339, * 10 (S.D. Fla. Nov. 6, 2006) (allowing private service processor fee averaging at $28.73 per service).  Accordingly, the $45.00 service cost will be awarded to Symantec.

### 2.     Court Reporter Fees

Under § 1920(2), costs are recoverable for the  "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." *Id.* "Taxation of deposition costs is authorized by § 1920(2)." *EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *U.S. v. Kolestar*, 313 F.2d 835, 837-38 (5th Cir. 1963)); *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996).   Recoverable costs include deposition transcript costs and attendance fees of the court reporter or per diem. *Ferguson v. Bombardier Serv. Corp.*, 2007 WL 601921, * 4 (M.D. Fla. Feb. 21. 2007).   However, the fees for expedited or condensed transcripts, compressed and mini script versions, and CD ROM's with ASCII are not reimbursable under § 1920. *Id.*;  *Smith v. Quintiles Int'l*, 2007 WL 2412844, * 5 (M.D. Fla. Aug. 21, 2007); *University of Miami v. Intuitive Surgical, Inc.*, 2007 WL 781912, * 1 (S.D. Fla. March 13, 2007). *See also Feinschreiber*

*v. U.S.*, No. 01-3628-CIV-HUCK, 2002 WL 31084156, *2 (S.D. Fla. Aug. 12, 2002) (declining to award costs for ASCII and minuscript) (citing *Scallet v. Rosenblum*, 176 F.R.D. 522, 527 (W.D. Va. 1997) (finding that "[m]ost courts have reasoned that minuscripts and disk copies are only for the convenience of attorneys")); *see also, e.g., Indiana Bell Telephone Co. v. Thrifty Call, Inc.*, No. IP 02–0170-C-H/K, 2005 WL 1799504, *1 (S.D. Ind. June 29, 2005) (excluding court reporter costs for extra products and services for the convenience of counsel). Expedited shipping costs, on the other hand, may be allowed upon a showing of need or extraordinary circumstance to justify that expense, and not solely for the convenience of counsel.   *See, e.g.,  Kerns v. Pro-Foam of South Alabama*, 2007 WL 2710372, * 3 (S.D. Ala. Sept. 13, 2007).

While Plaintiff does not object to some of the court reporter fees sought, Plaintiff argues that it is "impossible for Plaintiff to ascertain whether or not improper charges for expedited transcripts are includ[ed] in the Defendant's motion."  Plaintiff states, however, that it does not object to the costs associated with the depositions of Gregory Hughes, Brian Quinn, and Charles Johnson.

Upon reviewing the Bill of Costs and Plaintiff's Opposition, the Court agreed with Plaintiff that it could not determine exactly what the reporters' fees encompassed.  Accordingly, the Court entered an Order Directing Defendant to Provide Additional Information. [D.E. 56].  With respect to fees for court reporter services, the Order directed Symantec to provide additional information and documentation pertaining to the costs sought regarding the depositions of Elizabeth Joyce and Nicholas Licausi.  Symantec has since responded to the Court's Order and provided invoices associated with the depositions of Joyce and Licausi. [D.E. 57].

In its Response, Symantec states that it withdraws its request for the $35.00 charge included in the invoice for the deposition transcript of Licausi.  Symantec explains that it inadvertently

7

included within the Bill of Costs the $35.00 charge, which related to obtaining a condensed transcript

and ASCII disc.  Although a condensed transcript and expedited charges were included in the invoice

for Joyce's deposition transcript, however, Symantec contends, the circumstances surrounding these

charges warrant the Court's allowing the costs to be reimbursed.  First, Symantec explains that it did

not order a regular-sized transcript for the Joyce deposition, and, thus, a condensed transcript was

the only type of transcript ordered.  Second, Symantec argues that the expedited transcript cost of

$225.00 should be reimbursed because it was counsel for Plaintiff that ordered the transcript on an

expedited basis.  As explained by Symantec, when it ordered a copy of the transcript, the expedited

charge still applied,  based on Plaintiff's initial decision to order the transcript on an expedited basis.

The Court agrees with Symantec that under the circumstances, the costs associated with both

the condensed copy of the Joyce deposition transcript as well as the expedited charge should be

allowed.  The Court notes that typically such costs are not compensable, as they generally are

incurred only for the convenience of counsel.  Here, however, only the condensed transcript was

ordered.  And, when compared to the price charged for other deposition transcripts (*i.e.*, $4.23 per

page for Brian Quinn's deposition transcript), the $3.00 per page costs is clearly reasonable because

it is the only cost sought.  Had the condensed transcript been in ordered *in addition to* a regular

transcript, the charge would not be compensable.

Next, with respect to the cost charged for expediting the Joyce deposition transcript, the

Court finds that Symantec should be reimbursed for this $225.00 cost.  Because Plaintiff chose to

expedite the transcript and that cost was subsequently charged to Symantec without Symantec's

affirmative choice to order an expedited transcript, the expediting of the transcript did not arise our

of the mere convenience of Symantec.  Instead, Plaintiff sought to expedite Joyce's deposition

transcript so that it could respond timely to Symantec's pending Motion for Summary Judgment.[4] Under these circumstances, Symantec had no control over whether the $225.00 cost for an expedited transcript would be charged.  Indeed, Symantec did not have the opportunity to order the transcript in a non-expedited fashion.  Because Plaintiff made the decision to order the Joyce deposition transcript on an expedited basis, he should bear this expense.

Accordingly, the Court will reduce the deposition costs sought by Symantec by $35.00 with respect to obtaining a condensed transcript and ASCII disc for Licausi's deposition, as that cost was withdrawn by Symantec.  The Court, however, will allow all other costs with respect to court reporter and deposition transcripts.  Taking into consideration the appropriate reduction, Symantec's recovery for court reporter costs should be reduced by $35.00, for a total of $2,410.80.

### 3.    Exemplification Charges

With respect to exemplification charges, Symantec originally sought $246.30 in relation to fees for copies of papers necessarily obtained for use in the case.  In its Opposition, Plaintiff argued that it could not determine the purpose of the photocopy charges or whether the costs represented third-party billing or in-house copy costs.  Plaintiff argued that if the copies were made in-house, twenty-five cents per page was too high.

As noted above, upon reviewing the Bill of Costs and Plaintiff's Opposition, the Court entered an Order Directing Defendant to Provide Additional Information. [D.E. 56].  With respect to exemplification charges, the Order directed Symantec to provide more facts regarding the purpose of the copies charged so that the Court could determine whether the rates paid for the copies were

---

[4]    Although the Court provided Plaintiff with an opportunity to respond to Symantec's filing, Plaintiff did not.  Consequently, the fact that Plaintiff ordered the transcript on an expedited is not contested.

reasonable and whether the copies made were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *EEOC*, 213 F.3d at 622-23; *Desisto College, Inc. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989) (copies of pleadings, discovery, documents tendered by the opposing party and documents prepared for the court's consideration constitute recoverable costs), *aff'd,* 914 F.2d 267 (11ᵗʰ Cir. 1990). The party moving for taxation of costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Georgia Dept. of Trans.* 29 F.3d 1489, 1494 (11ᵗʰ Cir. 1994); *see also Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992), *aff'd,* 998 F.2d 1023 (11th Cir. 1993).

In response to the Court's Order, Symantec filed its Response, in which it stated that it was withdrawing its request for the photocopy costs sought. Symantec explained that in light of the legal expenses associated with explaining and outlining the basis for the photocopy expenditure, it did not make economic sense to pursue these costs.

The Court accepts Symantec's withdrawal of its request for costs related to photocopies. Accordingly, the Court will not award any costs with respect to Symantec's exemplification charges and $246.30 will be reduced from the total amount awarded to Symantec.

### *III. CONCLUSION*

For the foregoing reasons, Defendant's Motion to Tax Costs [D.E. 47] is hereby **GRANTED**

**IN PART AND DENIED IN PART.**  Plaintiff shall pay Symantec's costs in the amount of **$2,455.80**.

 **DONE AND ORDERED** in Fort Lauderdale, Florida this 29th day of September, 2009.


             _____
             ROBIN S. ROSENBAUM
             U.S. MAGISTRATE JUDGE

cc: Counsel of Record